FILED

NOT FOR PUBLICATION

SEP 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50404 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-02027-WQH-1 |
| v. | |
| DAVID FRIAS-HERNANDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN and N.R. SMITH, Circuit Judges.

David Frias-Hernandez appeals the sentence imposed following his guilty

plea to attempted entry after deportation in violation of 8 U.S.C. § 1326.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Frias-Hernandez contends that the district court erred by determining that his prior conviction for assault with a deadly weapon, in violation of California Penal Code § 245(a)(1), constituted a crime of violence under U.S.S.G. § 2L1.2, because section 245(a)(1) does not contain the requisite use of force and is a general intent crime. These contentions are foreclosed. *See United States v. Grajeda*, 581 F.3d 1186, 1191-97 (9th Cir. 2009).

Frias-Hernandez also contends that the district court erred by imposing a sentence in excess of the two-year statutory maximum for an 8 U.S.C. § 1326 violation. He argues that the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), has been undermined and that 8 U.S.C. § 1326(b) is unconstitutional. These contentions are foreclosed. *See United States v. Grisel*, 488 F.3d 844, 846-47 (9th Cir. 2007) (*en banc*); *see also United States v. Beng-Salazar*, 452 F.3d 1088, 1091 (9th Cir. 2006).

**AFFIRMED.**